```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
        UNITED STATES OF AMERICA              :
                                              :     ORDER
        v.                                    :
                                              :     18 CR 279 (VB)
        LUIS BALBUENA,                        :
                                Defendant.    :
--------------------------------------------------------------x
```

      By motion dated March 9, 2022, defendant Luis Balbuena seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he claims (i) to be at risk of severe complications from COVID-19 if he were to contract the disease, (ii) the Bureau of Prisons is not equipped to maintain a safe environment during the pandemic, and (iii) his wife recently sustained a severe burn to her left hand rendering her incapacitated.

      For the reasons set forth below, the motion is DENIED.

      In August 2018, Balbuena pleaded guilty to conspiracy to distribute and possess with intent to distribute approximately 2.1 kilograms of heroin, 100 grams of fentanyl, and one kilogram of cocaine. At the time of his arrest, Balbuena had multiple prior convictions, including a felony drug conviction and a federal conviction for illegal re-entry. His advisory sentencing range was 120 to 125 months' imprisonment, which included a mandatory minimum sentence of ten years' imprisonment.

      On February 6, 2019, the Court imposed the mandatory minimum jail sentence of 120 months, taking into consideration (among other things) the seriousness of the offense, and also the fact that Balbuena is likely to be deported after completion of his sentence. The presentence report indicates that other than a limitation of motion in his right wrist as a result of a motorcycle accident in 2006, Balbuena said he was healthy and had no history of physical or mental health problems. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

      Balbuena has been detained since August 4, 2017, which means he has served approximately 57 months of his 120-month jail sentence, or about half of the sentence imposed.

      The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

      Here, Balbuena principally argues his underlying health conditions—depression, obesity, and post-COVID-19 symptoms—put him at risk of severe complications from COVID-19 if he is re-infected. But, as documented in his prison medical records, Balbuena has recently been fully vaccinated (and boostered) against the virus, which means that notwithstanding his

underlying health conditions (for which he has received treatment while in prison), his risk of severe complications from COVID-19 if re-infected is substantially reduced. Thus, that risk is not an extraordinary and compelling reason warranting a reduction of sentence.

In addition, there are currently zero active cases of COVID-19 among the approximately 1,200 inmates at FCI Allenwood Medium, where Balbuena is currently incarcerated. See BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited April 25, 2022). Thus, it appears FCI Allenwood Medium has done an adequate job of responding to the pandemic and keeping its inmates safe.

Finally, Balbuena provides no support for the assertion that his wife has recently become incapacitated. Moreover, according to the presentence report, Balbuena's wife and daughter reside in the Bronx. Since Balbuena will be deported to the Dominican Republic upon release, there is little he could do to be his wife or daughter's caregiver even if the Court were to grant the instant motion.

In short, no extraordinary and compelling reasons warrant an early release in this case.

As required by Section 3582(c)(1)(A), the Court has also considered the Section 3553(a) factors "to the extent that they are applicable." The serious nature of Balbuena's offense—major trafficking of dangerous narcotics by a person with a prior felony drug conviction and an illegal re-entry conviction—warranted a 120-month prison sentence at the time it was imposed. The sentence was designed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, as well as to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant. The need to promote respect for the law, provide just punishment, deter Balbuena from future criminal conduct, and protect the public weighs strongly against Balbuena's early release, especially considering his serious criminal record and the fact that he has served only about one-half of the sentence imposed.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Luis Balbuena, Reg. No. 63062-054
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA  17887

Dated: April 25, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge